IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


HESSAM GHANE,

                    **Plaintiff,**

                                           CIVIL ACTION
      vs.                                      No. 07-3158-SAC

**CORRECTIONS CORPORATION OF AMERICA, et al.,**

                    **Defendants.**


<u>ORDER</u>

By an order entered March 3, 2010, the court denied plaintiff's motions for leave to proceed in forma pauperis,[1] and dismissed the complaint without prejudice and without imposing any obligation on plaintiff to pay the $350.00 district court filing fee.

---

[1] On January 4, 2008, the court directed plaintiff to pay an initial partial filing fee of $133.00, pursuant to 28 U.S.C. § 1915(b)(1), based upon the financial record of plaintiff's inmate account for the six month period prior to plaintiff's filing of his complaint. *See* 28 U.S.C. § 1915(b)(1)(when a prisoner brings a civil action or appeal in forma pauperis, the court is to assess an initial partial filing fee of 20 percent of the greater of the average monthly deposits to the prisoner's account, or the average monthly balance in the prisoner's account for the six month period preceding the filing of the complaint or appeal). The court also notified plaintiff that the failure to comply in a timely fashion could result in the denial of in forma pauperis status and dismissal of the complaint without prejudice.
    Plaintiff filed no objection or response to that assessment, and did not pay the assessed fee. When plaintiff subsequently notified the court some twenty months later of his change of address, the court reviewed the record, discovered plaintiff's motions for leave to proceed in forma pauperis were still pending, and denied the motions.

Before the court is plaintiff's motion to set aside that final order and judgment, and to allow plaintiff additional time to produce documents establishing his indigency. Plaintiff's motion, filed March 29, 2010, is treated as a timely filed motion under to alter and amend the judgment entered in this matter. See Fed.R.Civ.P. 59(e). Also before the court is plaintiff's motion, filed March 29, 2010, for leave to proceed in forma pauperis.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.2000). Thus a Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id*.

In seeking to reopen this matter, plaintiff essentially argues he should be given an opportunity to now establish that he is indigent and unable to pay the initial partial filing fee assessed by the court.[2] Plaintiff, however, does not address his failure to file a timely objection or response to demonstrate he lacked the funds to pay that court assessed initial partial filing fee. Rule

---

[2]*See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action).
 To any extent plaintiff suggests his indigency entitles him to proceed without prepayment or obligation to pay the $350.00 district court filing fee over time, this is clearly contrary to statutory directive in § 1915(b)(1) that a prisoner filing a civil action or appeal therefrom in federal court is obligated to pay the full filing fee even when granted leave to proceed in forma pauperis.

59(e) is not available "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

Plaintiff's renewed motion for leave to proceed in forma pauperis provides no certified financial records in support. Even if the court were to take judicial notice of updated financial records plaintiff recently submitted in a later filed case,[3] these records support the court's assessment of the initial partial filing fee pursuant to § 1915(b)(1), and disclose an available balance of over $200 when the court ordered plaintiff to pay that initial fee. Although plaintiff would be entitled to proceed in forma pauperis upon a showing that he has no means to pay the initial partial fee, 28 U.S.C. § 1915(b)(4), plaintiff makes no such showing in this case. The court thus finds no basis has been demonstrated for setting aside the judgment entered in this matter. *Compare Menefee v. Werholtz*, 368 Fed.Appx. 879 (10th Cir.2010)(district court improperly denied prisoner's motions to proceed IFP based on prisoner's failure to pay assessed initial partial filing fee, where trust fund account statement showed a zero balance); *Kennedy v. Reid*, 208 Fed.Appx. 678 (10th Cir.2006)(affirming district court's dismissal of prisoner's civil rights action because prisoner did not pay initial partial fee or adequately show cause within court-

---

[3]See *Ghane v. Evercom*, Case No. 08-3001-SAC (Doc. 13) (supplemental financial records filed April 10, 2010). Plaintiff's motion in the instant case for additional time to demonstrate his indigency is rendered moot by the court's consideration of these financial records as supplementing plaintiff's Rule 59(e) motion for reconsideration.

imposed deadline).[4]

IT IS THEREFORE ORDERED that plaintiff's motion (Doc. 12) to set aside the final order and judgment entered on March 3, 2010, and to reopen this matter, is treated as a timely filed motion under Fed.R.Civ.P. 59(e), and is denied.

IT IS FURTHER ORDERED that plaintiff's renewed motion (Doc. 13) for leave to proceed in forma pauperis is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 12th day of January 2011 at Topeka, Kansas.

    s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[4] These and any other unpublished Tenth Circuit decisions are cited for persuasive value only under 10th Cir. Rule 32.1, and not as binding precedent.